**Appendix A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| Trinity Bias, Jaime Cardenas, Christopher Holmes, and Robert Shaw individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Elephant Insurance Company, Elephant Insurance Services, LLC, and Platinum General Agency, Inc. d/b/a Apparent Insurance,<br><br>Defendants. | Civil Action No. 3:22-cv-00487-JAG |

## STIPULATED PROTECTIVE ORDER

## I.    PURPOSES AND LIMITATIONS

A.    Disclosure and discovery activity in this action may involve production of confidential information, proprietary information, trade secret information, individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information), or private information, all of which may warrant special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation. The information likely to be the subject of disclosure and discovery activity in this action also may involve unique risks related to privacy, data security, data governance, and data management that will be greater than in most cases. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (hereafter, "Stipulated Protective Order," "Order," and "Protective Order" are used interchangeably). The parties acknowledge that this Order does not confer blanket protections on

1

all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Order, and that it does not modify any requirements imposed by local rule, statute, or constitutional protection for filing documents under seal.

## II.    DEFINITIONS

A.    **"Action"** means the cases coordinated or consolidated for pre-trial proceedings in this litigation captioned *Bias et al. v. Elephant Ins. Co. et al.*, No. 3:22-cv-00487-JAG.

B.    **"Lead Counsel"** means those attorneys appointed by the Court as Plaintiffs' Co-Lead Interim Class Counsel, Kate M. Baxter-Kauf and M. Anderson Berry (Dkt. 17), designated as Plaintiffs' Co-Lead Interim Liaison Class Counsel, Steven T. Webster and Lee Adair Floyd (Dkt. 17), and Defendants' Counsel, as identified in the Motion to Dismiss, Benjamin F. Dill, Claudia D. McCarron, and Richard M. Haggerty (Dkt. 27).

C.    **"Personally Identifiable Information"** (PII), for purposes of this Order, includes, but is not limited to: payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.  The parties recognize that other personal data (*e.g.*, name, citizenship, birth date, spousal and familial information), particularly in combination with other information, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with other information.

D.    **"Protected Health Information"** (PHI), for purposes of this Order, includes, all individually identifiable health information, including demographic data, medical histories, test

2

results, insurance information, and other information used to identify a patient or provide healthcare services or healthcare coverage.

E.     **"CONFIDENTIAL Information"** means information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means or any other material that is confidential pursuant to applicable law.

F.     **"CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information"** means information that could cause significant injury or harm, including competitive harm, if disclosed to an unauthorized person, including, but not limited to, trade secrets, research and development, financial information, network security details, data security information, personnel files, PII, PHI, and information over which the Producing Party has a duty or obligation to maintain confidentiality, including but not limited to by operation of contract or of federal, state, or foreign data protection laws such as, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724 (motor vehicle records).

G.     **"Privileged Material"** means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

3

I.    **"Protected Material"** means any document or information which has been designated as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," pursuant to this Stipulated Protective Order.  Documents that quote, summarize, or contain CONFIDENTIAL Information, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information,  (*e.g.*, discovery responses, transcripts, and court filings) may be accorded status as Protected Material, but, to the extent reasonably feasible, shall be prepared in such a manner that the CONFIDENTIAL Information or CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information is provided separately from that not entitled to protection.

J.    **"Producing Party"** means the party or third party that produced the Protected Material.

K.    **"Receiving Party"** means the party or third party that received the Protected Material.

L.    **"Outside Counsel"** means attorneys (including Lead Counsel) who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

III.    **DESIGNATING PROTECTED MATERIAL**

A.    The Parties shall make CONFIDENTIAL and CONFIDENTIAL – OUTSIDE COUNSEL ONLY designations in good faith to ensure that only testimony or documents that merit CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY treatment are so designated.  Protected Material should be designated by the Producing Party by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL – SUBJECT

4

TO PROTECTIVE ORDER", or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER."

B.    The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Producing Party's attention that Protected Material does not qualify for protection or does not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.  Any designation of Protected Material may be withdrawn by the Producing Party.

C.    Third parties producing documents in this action may also designate documents as CONFIDENTIAL, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY subject to the same protections, obligations, and constraints as the parties to the action.  A copy of this Stipulated Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by such third parties shall be treated as CONFIDENTIAL unless otherwise specified by the third party for a period of 14 days from the date of their receipt or production to all parties, whichever date is later, and during that period any party or the third party may designate such documents as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE pursuant to the terms of this Stipulated Protective Order.

IV.    SCOPE

A.    The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and

5

(3) any testimony, conversations or presentations by parties or their counsel that might reveal Protected Material.

B.       However, the protections conferred by this Stipulated Protective Order do not cover the following information: (i) material, which on its face shows or which, through other evidence, the Receiving Party can show has been published to the general public; (ii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (iii) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a Receiving Party, is published to the general public by a party having the right to publish such information; (v) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (vi) information that was submitted to a governmental entity without request for confidential treatment.

C.       Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.    NON-DISCLOSURE OF PROTECTED MATERIAL

A.       Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a Receiving Party to any person except as described below.

B.       Protected Material designated as CONFIDENTIAL may be disclosed by a

6

Receiving Party only to:

1.  The parties, their officers, directors, employees, and in-house counsel only to the extent reasonably necessary to provide assistance with the litigation, and Outside Counsel for the parties in all cases in *Bias et al. v. Elephant Ins. Co. et al.*, No. 3:22-cv-00487-JAG, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees who are working at the direction of such counsel but only to the extent reasonably necessary to render professional services in the litigation, and for use exclusively in these actions (and for no other purpose). "Parties" include named plaintiffs, class representatives and proposed class representatives. No documents designated as CONFIDENTIAL may be disclosed to putative class members other than the named plaintiffs, class representatives and proposed class representatives;

2.  Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation;

3.  Persons shown on the face of the document, or through other documentary or testimonial evidence, to have authored or received it;

4.  Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and for no other purpose;

5.  Witnesses during depositions and trial, who have signed the

7

Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

6. Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have signed the Acknowledgment;

7. Consultants or experts retained for the purpose of assisting Plaintiffs' Lead Counsel or Outside Counsel for any Defendants in this litigation who are not current employees of a competitor of a party and have not, at the time of retention, agreed to become an employee of a competitor of a party, subject to the other requirements in this paragraph. Prior to being given access to Protected Material of the Producing Party, the consultant or expert must execute the Acknowledgement; and

8. Third-party providers of document reproduction, electronic discovery, or other litigation support services retained specifically for this litigation and who have previously executed the Acknowledgment.

C. Protected Material designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY may be disclosed by a Receiving Party only to:

1. Persons designated in paragraphs B(2)-(5) and (7)-(8), as well as Outside Counsel, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation and for use exclusively in these actions (and for no other purpose).

8

D. Counsel for all persons receiving CONFIDENTIAL Information in accordance with paragraphs (B)(5)-(B)(7)-(8) or CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information in accordance with paragraph (C)(1) (excluding Outside Counsel, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel), shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgment executed by the person to whom counsel discloses the Protected Material. Each non-party witness to whom Protected Material is disclosed shall be advised that the Court has entered a Protective Order to limit disclosure of Protected Material, be provided a copy of the Protective Order, and must sign the Acknowledgement prior to receiving access to Protected Material.

F. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving parties shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care. Receiving parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.

G. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled the same as the Protected Material.

H. Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their respective clients in connection with this litigation only based

9

on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

## VI.    DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

A.    Any party may request a change in the designation of Protected Material. Any Protected Material shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party asserting that the material is properly designated shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

B.    Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial fairness, unnecessary economic burdens or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

C.    The party challenging a confidentiality designation shall identify each challenged document by Bates number or otherwise specifically describe the document challenged and set forth the specific reasons why it does not believe the confidentiality designation is appropriate. A party challenging a confidentiality designation may indicate that a challenge to confidentiality designation applies to all documents that have been designated as confidential for substantially the same reason.

D.    Within 14 days of a challenge to a designation, the party asserting confidentiality must move the Court for relief. Counsel for each party shall meet and confer within seven days

10

of a challenge to limit the scope of any issues requiring resolution by the Court. To that end, the parties shall identify exemplar documents for the Court's review, a ruling on which will allow the parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.

## VII.   PROTECTED MATERIAL IN DEPOSITIONS

A.      If a party, the current employee of a party, or anyone represented by counsel for a party, is noticed for deposition, that party's counsel is responsible for providing a copy of this Order to the witness and obtaining the witness's signature on the Acknowledgment prior to the deposition. If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

B.      For testimony given in deposition, the Designating Party must identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 30 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted by underlining or otherwise designating the portions of the pages that are confidential. (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated to maintain their designation.) Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may

11

specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, if invoked, the entire deposition transcript will be treated as CONFIDENTIAL– OUTSIDE COUNSEL ONLY information pursuant to this Stipulated Protective Order, unless designated otherwise at the time of the deposition.

## VIII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

A.      If a party receives a subpoena or other legal process which calls for disclosure of any material designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by another party, then the party from whom disclosure is sought shall by the third business day after receipt thereof, or the earliest practicable date thereafter, (i) give written notice by hand delivery, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request should the Producing Party desire to do so; and (iii) not make production or disclosure of such Protected Material until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose such information, so long as the order is not stayed prior to the date set for production or disclosure.

12

## IX.    FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5.  It is the Designating Party's obligation to meet the requirements of Local Civil Rule 5 and operative case law in the Eastern District of Virginia and the Fourth Circuit Court of Appeals for maintaining Protected material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## X.    PROPER USE OF PROTECTED MATERIAL

A.    Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this litigation only—including appeals and retrials—and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## XI.    NON-TERMINATION

A.    The provisions of this Protective Order shall not terminate at the conclusion of this proceeding or any or all of the individual actions coordinated or consolidated therein.  Upon written request, within 90 days after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record) shall be returned to the Producing Party or destroyed. Final disposition, for purposes of this Order, is the later of: (1)

13

dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, counsel for all parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 60 days after final termination of this and all related litigation.

## XII.   NON-WAIVER OF PRIVILEGES

A.     This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.

B.     In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material shall not be deemed to waive any applicable privilege or immunity that would otherwise attach to the disclosed materials or their subject matter.

C.     If a Party identifies discovery material that appears on its face to be Privileged Material belonging to another Party or non-party, the identifying Party is under a good-faith obligation to notify that other Party or non-party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or

14

nonparty shall notify the Receiving Party of its assertion of privilege within 7 calendar days of receiving the identifying party's notification of potentially Privileged Material.

    D.    This Stipulated Protective Order does not preclude a Party from intentionally waiving any claims of privilege or protection.

    E.    The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses Privileged Material or Protected information to support a claim or defense, when a Party uses Privileged Material or Protected Information during a deposition without the assertion of a contemporaneous objection, when a Party intentionally discloses Privileged Material or Protected Information to a third party, including the Court (e.g., in connection with or support of a filing), or when a Party makes selective disclosures of documents for any other purpose. This paragraph does not preclude a Party from arguing that waiver was made under any applicable rule of law.

    F.    The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulated Protective Order.

## XIII.  CLAWBACK OF DISCLOSURE

    A.    A Producing Party that determines that it made a disclosure of Protected Material without proper designation, or Privileged Material in this litigation, shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

    1.    in the case of Privileged Material, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, sequester, return or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy any

15

references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or,

2.      in the case of Protected Material, shall mark it and all copies "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER," as applicable and treat the document as Protected Material under the terms of this Order.  A party may sequester a Document if challenging a clawback request.[1]

B.      Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the disclosed discovery has been returned, sequestered, or destroyed subject to the terms of this Stipulated Protective Order.  The Receiving Party must sequester any discovery item claimed to be Privileged Material if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected.

C.      If any produced Privileged Material or Protected Material has been provided to a non-party by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Protected Material, including reminding the non-party of its obligation to adhere to the terms of this Protective Order that non-party agreed to by executing the Acknowledgement attached as Exhibit A.

D.      Notice of disclosure shall apply to all copies of the document disclosed.

---

[1] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored.  If such data is restored, the Receiving Party must take steps to return, destroy, or re-sequester the restored Protected Material or Privileged Material.

16

E.      If a Receiving Party disputes the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within 7 business days of receipt of the notification of produced Privileged Information.  However, to the extent that a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 7 business days to review such documents and dispute the privilege claims asserted over them.  The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within 7 business days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within 7 days of the determination that no resolution will be achieved.  If such a motion is made, the moving party shall submit to the Court for *in camera* review a copy of the produced Privileged Information in connection with its motion papers.

F.      A Party is not precluded by this Stipulated Protective Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulated Protective Order.

## XIV. MODIFICATION PERMITTED

A.      Any party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a

notice of appeal, or other pleading which would have the effect of divesting this Court of

jurisdiction of this matter generally.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 5, 2026

Respectfully submitted,

By: /s/ *Kate M. Baxter-Kauf*
Kate M. Baxter-Kauf (*Pro Hac Vice*)
Karen Hanson Riebel (*Pro Hac Vice*)
Maureen Kane Berg*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel.: 612.339.6900; Fax: 612.339.0981
kmbaxter-kauf@locklaw.com
khriebel@locklaw.com
mkberg@locklaw.com

Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, VA 22314
Tel.: 888.987.9991
swebster@websterbook.com

Lee Adair Floyd (VSB No. 88459)
**FLOYD LAW, PC**
626 E. Broad Street, Suite 300
Richmond, Virginia 23219
Telephone: (804) 529-0000
Facsimile: (804) 529-0009
lee@floydpc.com

*Plaintiffs' Co-Lead Interim Liaison Class Counsel*

18

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
**EMERY REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
916.823.6955 (Tel)
206.441.9711 (Fax)
anderson@emeryreddy.com
gregory@emeryreddy.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Gayle M. Blatt (*Pro Hac Vice*)
P. Camille Guerra (*Pro Hac Vice*)
**CASEY GERRY SCHENK
FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel.: 619.238.1811; Fax: 619.544.9232
gmb@cglaw.com
camille@cglaw.com

Gary M. Klinger (*Pro Hac Vice*)
**MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.: 866.252.0878
gklinger@milberg.com

David K. Lietz*
**MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Tel.: 866.252.0878; Fax: 202.686.2877
dlietz@milberg.com

*\*pro hac vice* application forthcoming

*Attorneys for Plaintiffs and the putative Class*

19

/s/ Benjamin F. Dill
Benjamin F. Dill (VSB #93000)
MCANGUS GOUDELOCK & COURIE LLC
120 Eastshore Drive, Suite 200
Richmond, VA 23059
(804) 944-2992
benjamin.dill@mgclaw.com

/s/ Claudia D. McCarron
Claudia D. McCarron (admitted pro hac vice)
Richard M. Haggerty (admitted pro hac vice)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4770
cmccarron@mullen.law
rhaggerty@mullen.law

*Counsel for Defendants*