**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| TRINITY BIAS, JAIME CARDENAS, CHRISTOPHER HOLMES, and ROBERT SHAW, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>ELEPHANT INSURANCE COMPANY, ELEPHANT INSURANCE SERVICES, LLC, and PLATINUM GENERAL AGENCY, INC. d/b/a APPARENT INSURANCE<br><br>              Defendants. | Civil Action No. 3:22-cv-00487-JAG<br><br>**CLASS ACTION** |

**DEFENDANTS' REPLY BREIF IN FURTHER SPPORT OF EMERGENCY MOTION FOR ENLARGEMENT OF TIME AND MODIFICATION OF PRETRIAL SCHEDULING ORDER**

Defendants Elephant Insurance Company, Elephant Insurance Services, LLC, and Platinum General Agency, Inc. d/b/a Apparent Insurance ("Elephant"), submit this Reply Brief in support of their Motion for Enlargement of Time and Modification of Pretrial Scheduling Order.

**INTRODUCTION**

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Extend Deadlines attempts to impute lack of good faith to the Defendants as grounds to deny Defendants' request for modification of the deadlines in the Initial Pretrial Order while, in the same breath, requesting the deadlines set forth in the Initial Pretrial Order be modified in a way unlikely to benefit either Plaintiffs or Defendants meaningfully. Despite Plaintiffs' claims, Defendants do not oppose providing, and are not unwilling to provide, responses to Plaintiffs' discovery requests. *See* ECF

No. 63. Defendants were simply unable to produce, for technical reasons outside their control, discoverable electronically-stored documents until recently. *See id*. Defendants are continuing to move forward with reviewing and producing electronically-stored, responsive, discoverable documents; however, given the time limits set forth in the Initial Pretrial Order, do not believe the deadline for discovery – and thus all deadlines thereupon – can be met. Accordingly, Defendants respectfully request that their Emergency Motion for Enlargement of Time and Modification of Pretrial Scheduling Order be granted.

## ARGUMENT

Plaintiffs allege they "have exercised diligence sufficient to meet the good cause standard to modify the schedule [set forth in the Initial Pretrial Order], even if [Defendants have] not," and that the Court should deny Defendants' Motion, but still modify the deadlines set forth in the Initial Pretrial Order, *sua sponte*, with regard to: (1) the deadline for class certification and (2) the deadline for expert witness disclosures.  ECF No. 62 at 3. Plaintiffs request the deadline for class certification be set to May 1, 2026, as opposed to Defendants' request in its Emergency Motion of May 15, 2026. *See* ECF No. 62 at 3; ECF No. 60 ¶ 23(c). Additionally, Plaintiffs request the deadline for expert witness disclosures be altered to April 24, 2026 (as opposed to Defendants' request of May 4, 2026), for the party with the burden of proof,; May 5, 2026 (as opposed to Defendants' request of May 25, 2026) for the opposing party; May 10, 2026 (as opposed to Defendants' request of June 4, 2026) for rebuttal experts; and May 15, 2026 (as opposed to Defendants' request of June 15, 2026), for any motions challenging the designation experts. *See* ECF No. 62 at 3, ECF No. 60 ¶ 23(b).

In an attempt to support their claim, Plaintiffs allege "Elephant obfuscated and blamed its delays on other causes" by stating that "[t]hroughout negotiations of the [ESI] protocol, Elephant said the entry of the protocol prevented document productions," and that "Elephant told Plaintiffs

that the noticed Rule 30(b)(6) deposition could not take place on March 12 because the 'witness is not available,' while failing to acknowledge it knew documents that would be the subject of the deposition were not available and had not been produced." ECF No. 62 at 9. While it is accurate that, due to technical issues beyond the control of Defendants, certain electronically-stored data was not available for review and production, Plaintiffs incorrectly assume that Defendants knew the data would not become available – which overlooks the nature of the issue and Defendants' understanding of that issue which developed over time. Further, those problems do not diminish the legitimacy of the need for an agreed-upon ESI protocol to be in place prior to producing documents or that a corporate designee was not available for a noticed deposition date. These reasons are not mutually exclusive. Moreover, as Plaintiffs do indicate, Defendants did indeed agree to provide witnesses for corporate designee depositions pursuant to Fed. R. Civ. P. 30(b)(6) without the ability to fully prepare them with the benefit of the data held in cold storage. *See* ECF No. 62 at 10, ECF No. 63 at 7.

Defendants refute that "Defendants have not complied with the discovery schedule and delayed in telling Plaintiffs or the Court about it until several weeks into discovery" ECF No. 62 at 13. As noted in Defendants' Memorandum in Support of their Emergency Motion, the Emergency Motion was filed on March 24, 2026, because: (1) Defendants' prior e-discovery vendor did not provide Defendants with a reliable projected timeline as to reactivation of the data held in cold storage, (2) Defendants were provided with contradictory reports as to when the data would be transferred to Dauntless Discovery for ingestion and review, and (3) once Dauntless Discovery received the data, Defendants needed time to understand the full size of the data involved and reliable commitments as to when the data would be accessible in order to make good faith representations to both the Plaintiffs and the Court. ECF No. 60 ¶ 19.

3

Indeed, Defendants had been working diligently to reactivate and process the data held in cold storage; however, they had not – despite requests – been given a reliable projected timeline as to how long it would take to reactivate that data. *See* ECF No. 63-1 ¶ 11. Throughout the course of attempting to reconcile the technical issues experienced by its e-discovery vendor, Defendants re-collected and reviewed those documents which were available to them at the time and provided seven (7) productions of documents to Plaintiffs, submitted two (2) corporate designees for deposition pursuant to Fed. R. Civ. P. 30(b)(6), and has worked with Plaintiffs to schedule additional depositions. Moreover, since the data held in cold storage became available, Defendants have been diligently reviewing documents to be produced and have provided Plaintiffs with various logs related to the event which were previously unavailable due to the technical issues experienced by Defendants' prior e-discovery vendor. At no point have Defendants indicated that they would not provide discoverable documents or information to Plaintiffs and Defendants have been working diligently to provide Plaintiffs with discoverable information as it becomes available.

Plaintiffs' alleged prejudice is not due to any statement or act of the Defendants but rather arises from the inability to access the documents previously held in cold storage – which was outside Defendants' control. Defendants do agree, however, that if an extension is not granted both Parties will be prejudiced. In fact, Defendants noted this in the Emergency Motion when they stated "[a]s a result of the issues experienced by Vendor, Defendants will not have sufficient time to review the vast amount of data and provide Plaintiffs with the requested discovery within the time limits set forth in the Initial Pretrial Order," and that "no prejudice will result to any party if the relief is granted, but that all Parties will be significantly prejudiced if it is not."  ECF No. ¶¶ 21, 30.

Plaintiffs allege "Defendants' current an[d] belated attempts to ameliorate their prior delays are needed but insufficient," and yet Plaintiffs request Defendants' motion for a 30-day extension of all existing deadlines be denied in favor of seeking modification of only certain deadlines set forth in the Initial Pretrial Order that will likely not cure any alleged prejudice meaningfully and would likely lead to a future request to modify subsequent deadlines, and thus would ultimately not benefit Plaintiffs or Defendants.  ECF No. 62 at 13.

**<u>CONCLUSION</u>**

For the reasons stated above and in their previous filings, Defendants respectfully request that the Court grant their Motion for Enlargement of Time and Modification of Initial Pretrial Order.

Dated: April 8, 2026

Respectfully submitted,

*/s/ Benjamin F. Dill*
Benjamin F. Dill (VSB #93000)
MCANGUS GOUDELOCK & COURIE LLC
120 Eastshore Drive, Suite 200
Richmond, VA 23059
(804) 944-2992
benjamin.dill@mgclaw.com

*/s/ Richard M. Haggerty*
Richard M. Haggerty (admitted pro hac vice)
Claudia D. McCarron (admitted pro hac vice)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4770
cmccarron@mullen.law
rhaggerty@mullen.law

*Counsel for Defendants*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, April 8, 2026, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Eastern District of Virginia via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

Dated: April 8, 2026                 By: */s/ Benjamin F. Dill*

Benjamin F. Dill (VSB #93000)
MCANGUS GOUDELOCK & COURIE LLC
120 Eastshore Drive, Suite 200
Richmond, VA 23059
(804) 944-2992
benjamin.dill@mgclaw.com

7